UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD SHEPARD,

    Plaintiff,

v.                                                                                                        Hon. Hala Y. Jarbou

UNITED STATES MARSHAL                                              Case No. 1:25-cv-650
SERVICE, et al.,

    Defendants.

## REPORT AND RECOMMENDATION

Plaintiff Harold Shepard filed his pro se complaint in this case on June 11, 2025, against the United States Marshals Service (USMS), the United States Department of Veterans Affairs (VA) (named as the VA Homeless Program), and Unknown Part(y)(ies) (named as Task Force Members). (ECF No. 1.) Having granted Plaintiff's motion to proceed as a pauper (ECF No. 4), I have conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2). I conclude that the complaint must be dismissed for several reasons. First, the Court lacks subject matter jurisdiction as set forth in *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999). Second, the action should be dismissed because the complaint fails to state a claim upon which relief can be granted. Finally, any claims against the USMS and VA are barred by sovereign immunity.

Plaintiff alleges as follows:

> While visiting relative (sic) in MI, I have been exposed to sonic weapons, followed and harassed by Task Force Members.

(*Id.* at PageID.4.)[1] For relief, Plaintiff states that he "want[s] them to leave [him] alone!" (*Id.*)

---

[1] Plaintiff has previously asserted similar allegations in another federal district court. *See Shepard v. U.S. Marshal Service and Task Force*, No. 2:24-CV-39, 2024 WL 3506727, at * 1 (S.D. Miss. June 3, 2024), *report and recommendation adopted*, 2024 WL 3504549 (S.D. Miss. July 22, 2024) (Plaintiff alleged that members of the USMS and Task Force trespassed on his property, repeatedly

It is firmly established that a court may dismiss an action sua sponte "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479–80 (6th Cir. 1999); *see also Wagenknecht v. United States*, 533 F.3d 412, 417 (6th Cir. 2008). Because Plaintiff's complaint meets the *Apple* standard, it is subject to dismissal for lack of subject matter jurisdiction.

The complaint also fails to state a plausible claim under the pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Plaintiff's complaint does not plausibly allege a claim pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for violation of his Fourth Amendment or any other constitutional right. In addition, Plaintiff fails to allege how, if at all, his claim relates to the VA.

Finally, both the USMS and the VA are agencies of the United States entitled to sovereign immunity and Plaintiff fails to identify a valid waiver. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (sovereign immunity, which is jurisdictional in nature, deprives a court of subject matter jurisdiction absent a waiver). It is well established that under the doctrine of sovereign immunity, the United States may not be sued without its consent. *Hercules, Inc. v. United States*, 516 U.S. 417 (1996); *Lehman v. Nakshian*, 453 U.S. 156 (1981). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Gao v. Jenifer*, 185 F.3d 548, 554 (6th Cir. 1999) (internal quotation marks omitted). The plaintiff bears the burden of identifying a waiver of sovereign immunity. *See Reetz v. United States*, 224 F.3 794, 795 (6th Cir. 2000). A

---

subjected him to a "Long-Range Acoustic Device," repeatedly shot pellets at his house, attempted to kill him, blocked his telephone internet operations and altered his files and apps, followed him around, and interfered with his health care).

plaintiff's failure to identify a waiver of sovereign immunity requires dismissal for lack of jurisdiction. *Id.*

For the foregoing reasons, I recommend that the Court dismiss Plaintiff's complaint for lack of subject matter jurisdiction/failure to state a claim.

The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Plaintiff appeal this decision, the Court assess the $605.00 appellate filing fee pursuant to Section 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

Date: June 12, 2025

/s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).